ANSTEAD, Judge,
concurring specially.
While I concur in the majority affirmance, I write separately to note the difficulty of applying the holding in Palm Beach County v. Tessler, 538 So.2d 846 (Fla.1989), to factual situations like the one at bar.
In Tessler the Florida Supreme Court approved this court’s holding that a taking occurred when the government constructed a concrete wall barrier blocking access from a roadway fronting a owner’s com *1010 mercial premises, even though a more circuitous route to the premises remained. In a restatement of the law on this issue, the court declared:
Several principles emerge from an analysis of these and other cases.* There is a right to be compensated through inverse condemnation when governmental action causes a substantial loss of access to one's property even though there is no physical appropriation of the property itself. It is not necessary that there be a complete loss of access to the property. However, the fact that a portion or even all of one’s access to an abutting road is destroyed does not constitute a taking unless, when considered in light of the remaining access to the property, it can be said that the property owner’s right of access was substantially diminished. The loss of the most convenient access is not compensable where other suitable access continues to exist. A taking has not occurred when governmental action causes the flow of traffic on an abutting road to be diminished. The extent of the access which remains after a taking is properly considered in determining the amount of the compensation. In any event, the damages which are recoverable are limited to the reduction in the value of the property which was caused by the loss of access. Business damages continue to be controlled by section 73.-071, Florida Statutes (1987).
Id. at 849-50.
The test for a taking by inverse condemnation in Tessler is described as “a substantial impairment of access.” Under this test it is apparent that trial courts are left with the real line-drawing as to what constitutes “substantial impairment.” In this case, while ingress to the appellee’s restaurant was not substantially impaired, egress from the restaurant and back to the main road (State Road 84 in Broward County) was limited to a lengthy circuitous route through the adjacent neighborhood. Does this qualify as a “substantial impairment” of access, or is it merely leaving the property owner with a less convenient method of access and a reduction in traffic flow? Because the issue is so close and the need for clearer guidelines great, I would certify the issue to the Florida Supreme Court as one of great public importance.

We acknowledge that some of the cases we have considered involved a partial taking of land as well as the destruction of access. However, because Florida recognizes that the destruction of the right of access is compensable even where land is not taken, we believe the reasoning of those cases may be appropriately considered in our analysis.